FRANK GLINSKI v. JAMES KOWALSKI, John Czapiewski, and the Township of Ardoch.

(163 N. W. 1060.)

Highway — on section line — located — established — graded — many years standing — impeachment of — vacating — convincing proof of error.

Where a section-line highway has been for many years located, graded, and established with due care and in manifest good faith, it may not be impeached without clear and convincing proof of error.

Opinion filed July 10, 1917.

Appeal from the District Court of Walsh County, Honorable *W. J. Kneeshaw,* Judge.

Plaintiff appeals.

Affirmed.

*Bangs & Robbins,* for appellant.

The original government-survey posts, mounds, and monuments govern and control as to survey corners, section and boundary lines. U. S. Rev. Stat. §§ 2395, 2396, Comp. Stat. 1916, §§ 4803, 4804, 6 Fed. Stat. Anno. 363, 367; Radford v. Johnson, 8 N. D. 182, 77 N. W. 601; Propper v. Wohlwend, 16 N. D. 110, 112 N. W. 967; Nystrom v. Loe, 16 N. D. 561, 114 N. W. 417.

Where such original monuments can be located definitely, they control absolutely over all other evidence, including plats and field notes. Arneson v. Spawn, 2 S. D. 269, 39 Am. St. Rep. 783, 49 N. W. 1066; Randall v. Burke Twp. 4 S. D. 338, 57 N. W. 4; Dowdle v. Cornue, 9 S. D. 126, 68 N. W. 194; McGray v. Monarch Elevator Co. 16 S. D. 109, 91 N. W. 457; Tyler v. Haggart, 19 S. D. 167, 102 N. W. 682; Unzelmann v. Shelton, 19 S. D. 389, 103 N. W. 646; Thayer v. Spokane County, 36 Wash. 63, 78 Pac. 200; Washington Rock Co. v. Young, 29 Utah, 108, 110 Am. St. Rep. 666, 80 Pac. 382; Kleven v. Gunderson, 95 Minn. 246, 104 N. W. 4; Stonewall Phosphate Co. v. Peyton, 39 Fla. 726, 23 So. 440; Wheeler v. Benjamin, 136 Cal. 51, 68 Pac. 313; 9 C. J. § 18, p. 64.

In the event of such monuments becoming destroyed or extinct, then there must be a relocation thereof, according to the government survey and field notes. 9 C. J. § 19, p. 165; Weaver v. Howatt, 161 Cal. 77, 118 Pac. 519, 171 Cal. 302, 152 Pac. 925.

New monuments cannot be supplied in any other way. Hale v. Ball, 70 Wash. 435, 126 Pac. 942; Inmon v. Pearson, 47 Wash. 402, 92 Pac. 279; Yolo County v. Nolan, 144 Cal. 448, 77 Pac. 1006; Weaver v. Howatt, 161 Cal. 77, 118 Pac. 519, 171 Cal. 302, 152 Pac. 925.

The testimony of the surveyors is of no more value than that of other witnesses. Radford v. Johnson, 8 N. D. 184, 77 N. W. 601.

*H. C. DePuy,* for respondents.

The surveyor who made the survey, the chain carrier who assisted him, and other nonexperts, may testify as to the locating of the lines upon the ground. 2 Enc. Ev. 713, 727.

ROBINSON, J. The plaintiff owns certain land extending for half a mile on the west side of the highway between sections 2 and 3 in township 155, range 52. He claims that the highway as laid out and graded is out of line, and that it takes from his land a strip from 2 to 4 or more rods wide, for which he demands damages. He appeals from the judgment and findings of the trial court, which are in effect:

That the certain line of the public highway between sections 2 and 3 does not encroach upon the land of the plaintiff situated in section 3, and that the highway is wholly to the east of a line 2 rods west of the true section line between said sections.

It appears that some twenty years ago the location of the same line was in dispute, and that several surveys were made for the purpose of establishing the true line, and that the highway for many years graded, used, and established is located according to careful surveys made by the county surveyor and others. While it is not possible to prove to an absolute certainty the correctness of the surveys, the grading, and location of the section-line highway, yet it is certain that it was all done in good faith, and with care and caution and by competent surveyors; and this court is in no position to undo it without risking a grave error.

The burden of proof was on the plaintiff, and the evidence does not show that the trial court was wrong. There is nothing to be gained by a discussion of this, and there is no reason for protracting the dispute. The findings are well sustained and the judgment is affirmed.